# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRYAN EAGLES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71154

**FILED**

JAN 2 4 2018



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery, robbery, battery with substantial bodily harm, and battery with intent to commit a crime. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

On November 8, 2015, Joseph McKinney was attacked from behind by three men outside the 5th Avenue Pub in Clark County, Nevada. After the attack, McKinney indicated to police he believed a man named "Bryan" was his attacker. The manager of the pub provided detectives with surveillance footage of the incident and, from that surveillance footage, the manager and a bartender identified appellant Bryan Eagles as one of McKinney's attackers and a common customer of the pub. The State of Nevada charged Eagles by way of information with three category B felonies (conspiracy to commit robbery, robbery, and battery with intent to commit a crime) and one category C felony (battery with substantial bodily harm). At trial, McKinney tentatively identified Eagles as one of the attackers through still photos of the surveillance footage. After the three-day jury trial in which Eagles was tried jointly with a co-defendant, the jury returned a verdict convicting Eagles of all four counts. The district court sentenced Eagles as a habitual criminal to four consecutive life sentences without the possibility of parole. Eagles now appeals.

18-03474

Eagles contends the district court committed a number of procedural errors throughout trial that rendered the trial unfair and violated his constitutional right to due process. Specifically, Eagles argues the district court: (1) coercively participated in plea negotiation discussions in contravention of *Cripps v. State*, 122 Nev. 764, 137 P.3d 1187 (2006); (2) committed structural error under *Barral v. State*, 131 Nev., Adv. Op. 52, 353 P.3d 1197 (2015), by reading preliminary instructions to potential jury members before the jury was finalized;[1] and (3) inserted itself into the trial as an advocate for the State, in contravention of *Azbill v. State*, 88 Nev. 240, 495 P.2d 1064 (1972), by interrupting the defense opening statement and asking questions of the victim.

*Whether the district court committed a Cripps error*

Eagles contends that the district court coercively and inappropriately participated in plea negotiation discussions. Based on the trial record, the district court may have committed a *Cripps* error by engaging in discussions on and off the record regarding a potential plea. 122 Nev. at 770-71, 137 P.3d at 1191 (establishing that "all off-the-record discussions between the parties and the judge respecting the plea negotiations," as well as "any judicial participation in the formulation or discussions of a potential plea agreement," whether on or off record, is prohibited with limited exception). However, we hold that any potential error was harmless as the defendants opted to go to trial despite the district court's encouragement to plead guilty. *Id.* at 771, 137 P.3d at 1192 (recognizing that "judicial involvement in the plea negotiations may constitute harmless error" and "the focus . . . of the harmless error inquiry is whether the district court's [erroneous participation] may reasonably be

---

[1]We find this argument lacks merit and decline to address it.

Supreme Court
OF
Nevada

(O) 1947A

2

viewed as having been a material factor affecting the defendant's decision to plead guilty") (alterations in original) (internal quotation marks omitted).

*Whether the district court's participation in trial constituted advocacy for the State*

Eagles argues the district judge violated his right to due process by inserting itself "into the [trial] process numerous times and always in support of the prosecution." Eagles specifically identifies two alleged violations: (1) interrupting the defense during opening statements to admonish counsel for arguing; and (2) asking questions of the victim-witness to clarify trial testimony. The defense did not object to the district court's participation or alleged bias, and thus, this court will review for plain error. *See Martinorellan v. State*, 131 Nev., Adv. Op. 6, 343 P.3d 590, 593 (2015).

First, the district court's interjection into the defense's opening statement, without interjecting *sua sponte* into the State's opening statement, was not plain error. Appellant gives no reason as to why the district court should have interrupted the State without any objection made by the defense. In contrast, the district court interjected only once during the defense's opening statement, and then again after the opening statement was finished, to admonish the defense for what the record shows was clear argument. The district court's minimal comments do not rise to the level of an "unmistakable" or "readily apparent" error. *See id.*

Second, the district court's clarifying questions to the victim-witness did not amount to advocacy for the State. *See Azbill*, 88 Nev. at 249, 495 P.2d at 1070 (holding "[a] trial judge has the right to examine witnesses for the purpose of establishing the truth or clarifying testimony, but in doing so he must not become an advocate for either party"); *Hernandez v.* State, 87 Nev. 553, 557-58, 490 P.2d 1245, 1247 (1971)

(concluding it was proper for a judge to ask repetitive clarifying questions so long as the court did not open a new line of questioning). Here, the judge read a small portion of the preliminary hearing transcript and questioned the victim-witness in an attempt to clarify whether the victim-witness's identification of the defendant at trial was consistent with his identification at the preliminary hearing. The questions were repetitive of what counsel had already asked and what the witness had already answered, and thus did not create a new line of questioning. *See Id.* Additionally, the record indicates the district court asked the questions not to mislead or prejudice the jury, *see id.*, but because the cross-examination of the witness generated confusion as to which person in the proffered photo the witness was identifying as Eagles. Finally, even with the district court's attempt at clarification, the witness was cross-examined by two defense attorneys and the validity of the witness's identification of Eagles was appropriately left in the hands of the jury. Thus, there was no "unmistakable" or "readily apparent" error. *See Martinorellan*, 131 Nev., Adv. Op. 6, 343 P.3d at 593.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc: Hon. Douglas Smith, District Judge
Law Offices of Carl E.G. Arnold
Law Office of Patricia M. Erickson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk